OPINION
On May 18, 1994, Frank Garnett was served with a "Notice of Violations/Orders for Compliance" from the Department of Urban Development, listing seven housing violations at 342/344 Park Drive. Because Garnett did not comply with the orders, he was charged on August 1, 1995 with housing violations under Section 93.05 of the Revised Code of General Ordinances of the City of Dayton, Ohio ("R.C.G.O."). Garnett entered a plea of no contest and was found guilty of these violations on October 11, 1995. He was then sentenced to ten days jail time, which was suspended providing all violations were abated by February 2, 1996.
Subsequently, on September 9, 1997, the State filed a motion to impose the suspended sentence, arguing Garnett had not abated the violations pursuant to court order. The trial court held a hearing on the motion on January 7, 1998, and found Garnett in violation of the previous repair order. As a result, the court ordered Garnett to serve the ten-day sentence previously imposed, but suspended eight days on the condition that all violations were corrected by May 1, 1998.
A second motion to impose suspended sentence was filed by the State on September 16, 1998. At the motion hearing on November 25, 1998, the State contended that Violation #2 of the original order had still not been abated. In this regard, Violation #2 stated:
Location: Exterior main structure [-] rear
Siding damaged, deteriorated and/or parts missing.
 Action required: Make such repairs and/or replacements to cause exterior walls and other exterior surface materials to be free of holes, cracks, loose or rotting boards and timbers or any other condition which might admit rodents, rain or dampness to the interior of the dwelling.
Garnett maintained at the hearing that he had corrected Violation #2 and should not have his suspended sentence imposed.
Two inspectors for the City of Dayton testified, both of whom had inspected the residence within twenty-four hours prior to the hearing. Both inspectors testified that an area in the rear of the residence was still not covered by siding. Instead, the area was covered by plastic. The inspectors explained that plastic covering is not adequate because rodents, rain or dampness can still be admitted to the interior of the dwelling. Therefore, they maintained that the violation had not been abated.
Garnett explained at the hearing that the plastic was temporary until a chimney could be built in that location. Further, Garnet said he believed the plastic was enough to correct the violation because rodents, rain or dampness had not penetrated the interior of the house up to that point. Garnett also claimed that another inspector with the City of Dayton, Christopher Dahlin, inspected the residence several months before the hearing and had told Garnett he was no longer in violation. However, Mr. Dahlin did not testify because he was on injury leave and was not subpoenaed.
Finally, Garnett testified that the area in question was not in the rear of the house as indicated by the inspectors, but was instead "on the right-hand side of the house towards the back of the house." Defense counsel argued that Garnett was possibly confused by use of the word "rear" in the location section of the violation. Counsel contended that the location should have been more specifically described as "left rear" or "right rear." By contrast, both of the inspectors indicated that the area in violation was in the rear of the property.
The trial court ordered Garnett to report to the property containing the violation on November 7, 1998, and to remain under house arrest at that property until the necessary repairs were completed to correct Violation #2. Garnett appeals this decision by the trial court.
In his brief, Garnett mentions two separate assignments of error, one at the beginning of his argument, and one in his table of contents. We will refer to them as I and II respectively. The assignments of error are as follows:
 I. The conviction should be reversed because the evidence to support it was insufficient as a matter of law.
 II. The trial court erred when it overruled appellant's motion to acquit under Criminal Rule 29, because the conviction was against the weight of the evidence.
After considering the record and the applicable law, we affirm the trial court's decision to impose Garnett's suspended sentence.
 I
In his first assignment of error, Garnett contends that the decision of the trial court was insufficient as a matter of law. The standard of review for insufficient evidence is "whether any rational factfinder, after viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Clemons (1998), 82 Ohio St.3d 438, 444 (citing Jackson v. Virginia (1979), 443 U.S. 307, 319). However, because this appeal involves imposition of a suspended sentence, not a trial on the merits, the State has a lesser burden than proof beyond a reasonable doubt. For instance, in a probation revocation, which is similar to imposition of suspended sentence, the burden of proof is substantial evidence. State v. Scott (March 7, 1997), Clark App. No. 95-CA-101, unreported, p. 4. Consequently, the appropriate standard in this case is whether any rational factfinder, after viewing the evidence in a light most favorable to the State, could have found substantial evidence to justify imposing Garnett's suspended sentence.
In this regard, two inspectors testified for the State that they viewed the property in question and found plastic over a section in the rear of the house. Both inspectors further said that plastic covering was not sufficient to abate the violation Garnett received over four years before the hearing. Based on the facts, we find that the State has presented enough evidence to support the trial court's decision. Accordingly, Garnett's first assignment of error is overruled.
 II
Garnett contends in his second assignment of error that the trial court erred in overruling his motion to acquit under Crim. Rule 29. The only record submitted is that of the motion hearing on November 25, 1998, which does not contain a Crim. Rule 29 motion for acquittal. Since no motion was made, Garnett was not able to comply with App. R. 16(A)(3), which provides that the appellant's brief must contain a reference to the place in the record where each assignment of error can be found. Furthermore, the sole purpose of the motion hearing was to decide if the suspended sentence should be imposed. Garnett had also plead no contest and had been found guilty over three years prior to the hearing. Clearly, the trial court did not err in ruling on a motion which was never presented. However, we will address whether the trial court's actual decision to impose the suspended sentence was against the manifest weight of the evidence.
When reviewing a claim that the trial court's decision is against the manifest weight of the evidence, the appellate court "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice" that its decision must be reversed. State v. Warren (1995), 106 Ohio App.3d 753, 760. A decision should only be overturned in extraordinary situations when evidence weighs heavily against the decision made by the trial court. State v. Shue (1994), 97 Ohio App.3d 459, 466.
As discussed previously, the State's burden in this case was to present substantial evidence that Garnett's suspended sentence should be imposed. The State presented undisputed evidence that no siding existed on a portion of the rear of the property four years after Garnett was notified of the violation. Both inspectors testified that this was still considered a violation by the City. Under the circumstances, we find ample evidence to uphold the trial court's decision to impose the suspended sentence. Consequently, Garnett's second assignment of error is overruled.
Based on the foregoing discussion, the decision of the trial court is hereby affirmed.
GRADY, P.J., AND YOUNG, J., concur.
Copies mailed to:
Steven R. Milby
Jon Paul Rion
Hon. John Pickrel